IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALAN DUNCAN,
No. B-69424,
      **Plaintiff,**

vs.                                               Case No. 16–cv–1366-DRH

LT. PEARCE,
C/O DAVIS,
C/O MOORE,
C/O WANNACK,
SGT. CHAPMAN,
M. MYERS,
C/O HOLTEN,
JOHN DOE (doctor),
JANE DOE (nurse),
COUNSELOR BARTMAN,
JOHN DOE (c/o),
JOHN DOE (c/o),
D. CLELAND

      **Defendants.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Alan Duncan, an inmate in Menard Correctional Center ("Menard"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff contends officials at Menard subjected him to excessive force and were deliberately indifferent to his related injuries. In connection with these claims, plaintiff sues Lt. Pearce (lieutenant), C/O Davis (correctional officer), C/O Moore (correctional officer), C/O Wannack (correctional officer), Sgt.

1

Chapman (sergeant), M. Myers (correctional officer), C/O Holton (correctional officer), John Doe (doctor), Jane Doe (nurse), Counselor Bartman (counselor), John Doe (correctional officer), and D. Cleland (major). According to the complaint, plaintiff sues all defendants in their individual and official capacities. Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture,

the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## **The Complaint**

Plaintiff's claims relate to excessive force incidents that occurred on March 29, 2016. (Doc. 1, p. 6). According to the complaint, Moore arrived at plaintiff's cell, reportedly to escort plaintiff to a mental health appointment. *Id.* Moore began using racial slurs and verbally harassing plaintiff. *Id.* Although it is not entirely clear, the complaint indicates that plaintiff may have completed a mental health visit with an individual identified as "Ms. Mason" and that "Ms. Mason" placed plaintiff on suicide watch. *Id.* It appears that after the mental health meeting, plaintiff was confronted by Pearce. *Id.* Pearce told Plaintiff to face the wall. *Id.* Plaintiff indicated there was no wall to face. *Id.* At that point, Pearce grabbed Plaintiff's head and forced it into a window on a security door, causing Plaintiff's lips to bust open. (Doc. 1, p. 7). Plaintiff contends Wannack, Holten, Moore, and Bartman observed the assault and failed to intervene. *Id.*

Plaintiff contends the assault continued when Holten threw Plaintiff to the ground while Pearce was choking the Plaintiff. *Id.* During this time, plaintiff was handcuffed. *Id.* Additionally, while plaintiff was on the ground leg shackles were

applied. *Id.* Plaintiff yelled that he could not breathe. *Id.* In response, Pearce loosened his grip on plaintiff's neck, temporarily, only to proceed with applying more pressure to Plaintiff's windpipe. *Id.* Pearce choked plaintiff until he lost consciousness. *Id.*

At some point during the attack, plaintiff was being punched by Wannack, Pearce, and two unidentified correctional officers. *Id.* The unidentified correctional officers were from the 7am to 3pm shift for the R-5 cell house. *Id.* Plaintiff was then placed on a property cart and the two unidentified correctional officers sat on his back "bouncing up and down." *Id.* Plaintiff continued to tell the officers that he could not breathe. *Id.*

Plaintiff was then placed in cell 6B-6. *Id.* Plaintiff instantly began vomiting and had a loose bowel movement. *Id.* Plaintiff requested medical attention. (Doc. 1, p. 8). Plaintiff's requests for medical attention were directed to Pearce, Moore, Holten, Chapman, Wannack, an unidentified nurse, and the two unidentified correctional officers. *Id.* Plaintiff lost consciousness. *Id.*

At some point after plaintiff lost consciousness, Cleland, Myers, an individual identified as "C/O Huff" (not a named defendant) and another individual identified as "Lt. Webb" (not a named defendant) woke plaintiff. *Id.* Cleland woke plaintiff by slapping plaintiff in the face with enough force to dislodge his tooth from his mouth. *Id.* When plaintiff attempted to shield his face, Cleland yelled "put your fucking hands down." *Id.* Cleland then grabbed plaintiff's fingers and twisted them until they cracked in three different places. *Id.*

Myers then began to knee plaintiff in the back while he was laying on the ground. *Id.* Plaintiff did not receive medical attention for his injuries at that time. *Id.*

On April 11, 2016, plaintiff was taken to an outside hospital for treatment (the Orthopedic Institute of Southern Illinois). (Doc. 1, pp. 8-9). An unidentified doctor at the outside hospital prescribed tramadol and ibuprofen. (Doc. 1, p. 8). Plaintiff contends the treatment he received was inadequate in that he was allergic to ibuprofen. (Doc. 1, pp. 8-9).

## Discussion

**Clarification Regarding Defendants**

It is necessary to clarify who the defendants are in the instant action. The first clarification relates to individuals identified as "C/O Huff" and "Lt. Webb." Although the body of the Complaint raises allegations with regard these individuals, they are not identified as defendants in the caption of the complaint or in section of the complaint that identifies the parties. Because these individuals are not listed in the caption by name or by Doe designation, they will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. See FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"); *Id*. at 553 ("[It is] unacceptable for a court to add litigants on its own motion. Selecting defendants is a task for the plaintiff, not the judge.").

5

The second clarification relates to Davis. Although Davis is identified as a defendant in the caption of the complaint, plaintiff has not asserted any specific allegations with respect to Davis. When a defendant is named in the caption, but not referenced within the body of the complaint, the defendant is not adequately put on notice of which claims in the complaint, if any, are directed against him. Accordingly, Davis shall be dismissed from this action without prejudice. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)*; Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir.1998)*.*

**Plaintiff's Claims**

The Court finds it convenient to divide the *pro se* action into the following counts. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.

**Count 1 -** Eighth Amendment claim against Pearce, Wannack, Myers, Holten, Cleland, and two unidentified correctional officers (John Doe correctional officers) for using excessive force against plaintiff on or about March 29, 2016.

**Count 2 -** Eighth Amendment failure to intervene claim against Moore, Wannack, Holten, and Bartman for failure to protect plaintiff from the unauthorized use of force occurring on or about March 29, 2016.

**Count 3 -** Eighth Amendment claim for deliberate indifference to serious medical needs against Pearce, Moore, Wannack, Chapman, Holten, Myers, Cleland, an unidentified nurse (Jane Doe nurse), and two unidentified correctional officers (John Doe correctional officers) for denying or delaying plaintiff's medical treatment for the injuries he sustained on or about March 29, 2016.

**Count 4 -** Eighth Amendment claim for deliberate indifference to a serious medical need against an unidentified physician who treated plaintiff at an outside hospital on April 11, 2016.

**Count 1**

A prison official inflicts cruel and unusual punishment on an inmate, in violation of the Eighth Amendment, when the official intentionally uses excessive force against the inmate without penological justification. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hudson v. McMillian*, 503 U.S. 1 (1992). In order to prevail on an excessive force claim, an inmate must demonstrate that the force used by the defendant was not applied in a good-faith effort to maintain or restore discipline, but, rather, was applied maliciously and sadistically to cause harm. *See Hudson*, 503 U.S. at 7. However, not every malicious touch by a prison official gives rise to a cause of action under the Constitution. Unless the physical force is "repugnant to the conscience of mankind", force that is *de minimis* is not actionable. Id. at 9–10 (*quoting Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (internal quotations omitted).

The allegations of the complaint satisfy this standard for screening purposes with respect to Pearce, Wannack, Myers, Holten, Cleland, and the two unidentified correctional officers (John Doe correctional officers).

**Count 2**

To state a failure to protect claim under the Eighth Amendment, plaintiff must demonstrate that he was incarcerated under conditions posing a substantial risk of serious harm (*i.e.*, an objective standard), and the defendant acted with

7

deliberate indifference to that risk (*i.e.*, a subjective standard). *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

With regard to the objective standard, the Seventh Circuit has held that a generalized risk of violence does not support an Eighth Amendment claim. *Brown*, 398 F.3d at 909; *Riccardo v. Rausch*, 375 F.3d 521, 525 (7th Cir. 2004). Plaintiff must allege a "tangible threat to his safety or well-being." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The subjective standard is satisfied where a prison official knows that an attack is "almost certain to materialize if nothing is done." *Brown*, 398 F.3d at 911

Both the objective and subjective elements of this claim are satisfied for screening purposes with respect to Moore, Wannack, Holten, and Bartman.

**Count 3**

"A claim of deliberate indifference to a serious medical need contains both an objective and a subjective component. To satisfy the objective component, a prisoner must demonstrate that his medical condition is 'objectively, sufficiently serious.' " *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires a prisoner to demonstrate that prison officials acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *Greeno*, 414 F.3d at 653. Specifically, the officials "must know of and disregard an excessive risk to inmate health." *Greeno*, 414 F.3d at 653.

The Seventh Circuit has held that a medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Additionally, as is relevant here, the Seventh Circuit has held that a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

Plaintiff's physical injuries following the excessive force incidents satisfy the objective component for this claim. Additionally, plaintiff's allegations suggest that Pearce, Moore, Wannack, Chapman, Holten, Myers, Cleland, an unidentified nurse (Jane Doe nurse), and the two unidentified correctional officers (John Doe correctional officers), responded to plaintiff's injuries and complaints with deliberate indifference. Accordingly, Count 3 shall receive further review as to these defendants.

**Count 4**

On April 11, 2016, plaintiff was transferred to an outside hospital and treated by a private physician working for that hospital. Plaintiff contends the unidentified physician who treated him violated his rights by prescribing a medication plaintiff was allergic to. Assuming, that the private physician is a

9

"state actor" for purposes of § 1983,[1] the actions alleged in the Complaint – at most – speak to negligence or medical malpractice. Such conduct does not constitute deliberate indifference so as to violate the Eighth Amendment. *See Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir.2008); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir.2008).

Accordingly, Count 4 shall be dismissed without prejudice. As this is the only claim directed against the John Doe Physician, he shall be dismissed from this action without prejudice and terminated as a party in CM/ECF.

### **Identification of Unknown Defendants**

Plaintiff shall be allowed to proceed against the specified unidentified defendants. However, these defendants must be identified with particularity before service of the complaint can be made on them. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

In order to assist plaintiff in identifying the proper defendants in this action, the Clerk shall be directed to add Menard's current warden, Jacqueline Lashbrook, as a defendant, for the sole purpose of identifying unknown

---

[1] *See West v. Atkins*, 487 U.S. 42, 51 (1988) (private physicians are state actors when they provide medical care to prisoners at the prison); *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 823 (7th Cir. 2009)(emergency care provided at a private hospital did not qualify as state action).

defendants through discovery. Once plaintiff discovers their names, he will be required to amend his complaint to include those defendants, and all defendants will be served with the summons and amended complaint.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT**. No such motion is necessary for a plaintiff who has been granted leave to proceed in forma pauperis ("IFP"). The Court shall order service on all defendants who remain in the action following threshold review under § 1915A. See 28 U.S.C. § 1915(d).

In light of this Order, plaintiff's motions for status (Docs. 9 & 10) are **TERMINATED AS MOOT**.

### Disposition

The Clerk is **DIRECTED** to **TERMINATE DAVIS** as a party in CM/ECF.

The Clerk is **DIRECTED** to **TERMINATE JOHN DOE (PHYSICIAN)** as a party in CM/ECF.

The Clerk is **DIRECTED** to **ADD** Menard's current warden, **JACQUELINE LASHBROOK**, as a defendant, for the sole purpose of identifying unknown defendants through discovery.

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **PEARCE, WANNACK, MYERS, HOLTEN, CLELAND,** and the **TWO**

**UNIDENTIFIED CORRECTIONAL OFFICERS (JOHN DOE CORRECTIONAL OFFICERS)** in their individual capacities only.

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **MOORE, WANNACK, HOLTEN,** and **BARTMAN** in their individual capacities only.

**IT IS FURTHER ORDERED** that **COUNT 3** shall receive further review as to **PEARCE, MOORE, WANNACK, CHAPMAN, HOLTEN, MYERS, CLELAND,** the **UNIDENTIFIED NURSE (JANE DOE NURSE),** and the **TWO UNIDENTIFIED CORRECTIONAL OFFICERS (JOHN DOE CORRECTIONAL OFFICERS)** in their individual capacities only.

**IT IS FURTHER ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim as to **JOHN DOE (PHYSICIAN)**, the only party named in connection with this claim, for failure to state a claim.

**IT IS HEREBY ORDERED** that as to **COUNTs 1, 2, and 3** the Clerk of the Court shall prepare for Defendants **PEARCE, MOORE, WANNACK, CHAPMAN, MYERS, HOLTEN, CLELAND,** and **LASHBROOK:** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each defendant's place of employment as identified by plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service

on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

No service shall be made on the unknown defendants until such time as plaintiff has properly identified them in a Motion for Substitution of Parties.

With respect to a defendant who no longer can be found at the work address provided by plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on plaintiff's motion for recruitment of counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), if all parties consent to such a referral.

If judgment is rendered against plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed in forma pauperis is granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 12, 2017**

Judge Herndon
2017.04.12
16:10:18 -05'00'

**United States District Judge**