IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALAN DUNCAN,

Plaintiff,

v.

CHARLES PEARCE,

et al.,

Defendants.                                    No. 16-cv-1366-DRH

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

**Introduction and Background**

Pending before the Court is an October 15, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 140). Magistrate Judge Daly recommends that the Court grant a motion for summary judgment based on plaintiff's failure to exhaust his administrative remedies filed by defendants Barron, Stein-Patterson, Ridgeway, Mason and Scott (Doc. 140). The parties were allowed time to file objections to the Report. On

October 26, 2018, plaintiff filed partial objections to the Report (Doc. 141). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

Plaintiff Alan Duncan brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. According to the complaint, the prison officials at Pickneyville Correctional Center subjected him to excessive force and were deliberately indifferent to his related injuries. On April 13, 2017, the Court conducted its preliminary review of the complaint and referred the matter to Magistrate Judge Daly (Doc. 14). The following claims survived review:

Count 1 – Eighth Amendment claim against Pearce, Wannack, Myers, Holten, Cleland, and two unidentified correctional officers (John Doe correctional officers) for using excessive force against plaintiff on or about March 29, 2016;

Count 2 – Eighth Amendment claim against Moore, Wannack, Holten, and Bartman for failure to protect plaintiff from the unauthorized use of force occurring on or about March 29, 2016; and

Count 3 – Eighth Amendment claim against Pearce, Moore, Wannack, Chapman, Holten, Myers, Cleland, an unidentified nurse (Jane Doe nurse), and two unidentified correctional officers (John Doe correctional officers) for denying or delaying plaintiff's medical treatment for injuries he sustained on or about March 26, 2016.

On June 1, 2017, plaintiff filed a motion for temporary restraining order (Doc. 24). After that, on July 20, 2017, for case management purposes, Magistrate

Judge Daly entered an order properly naming improperly identified defendants as: Charles Pearce, Mark Moore, Donald Wanack, Terri Chapman, Marcus Myers, John Holten, Mark Hartman (instead of Bartman) and Derek Cleland (Doc. 42).

Thereafter, the Court adopted a Report and Recommendation and denied plaintiff's motion for temporary restraining order (Doc. 52). On August 23, 2017, the Court appointed attorney Thomas J. Hayek as recruited counsel for plaintiff (Doc. 56). Subsequently, on December 27, 2017, plaintiff, by and through recruited counsel, filed an amended complaint (Doc. 74). The amended complaint contains the same counts as the original complaint but included additional defendants:

Count 1 – excessive force against Pearce, Holton, Wannack, Myers, Cleland, Jason A. Davis and Chapman;

Count 2 – failure to intervene against Ylana Mason, Moore, Holton, Gary E. Pruitt, Hartman, Myers, Wannack, Ethan E. Webb, Kenneth W. Huff, Jason A. Davis, and Chapman; and

Count 3 – deliberate indifference to serious medical needs against Myers, Cleland, Webb, Huff, Michael D. Scott, M.D., Nurse L. Ridgeway, LPN, Nurse L Bamn, LPN, and Nurse Lori Sty, LPN. [1]

---

[1] On July 25, 2018, Magistrate Judge Daly directed the Clerk of the Court to update the docket sheet to reflect the correct names of the following defendants: John R. Holten; Lottie Ridgeway; Laura Barron (instead of Bamn) and Lori Stein-Patterson (instead of Sty) (Doc. 130).

On May 11, 2018, defendants Barron, Stein-Patterson, Lottie Ridgeway, Ylana Mason and Michael Scott, M.D., filed a motion for summary judgment as to the issue of exhaustion of administrative remedies (Docs. 120 & 121). Defendants contend that plaintiff did not exhaust his administrative remedies as to the claims against them. Specifically, defendants argue that plaintiff's two grievances (dated May 3, 2016 and April 14, 2016) explicitly name numerous correctional officers but fail to name or describe any medical professionals except for Mason and that she is only mentioned as the person who placed plaintiff on suicide watch. Plaintiff filed an opposition to the motion (Docs. 124).

On July 26, 2018, Magistrate Judge Daly held a *Pavey*[2] hearing on the motion for summary judgment and to assess the credibility of the conflicting accounts of the grievance process (Doc. 132). After the hearing, Magistrate Judge Daly allowed the parties to supplement the record which the parties did so (Docs. 133, 136 & 139). Subsequently, on October 15, 2018, Magistrate Judge Daly, pursuant to 28 U.S.C. § 636(b)(1)(B), submitted the Report recommending that the Court granting defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections." Plaintiff filed partial objections to the Report on October 26, 2018 (Doc. 141). Based on

---

2 *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008)(indicating that a judge, not a jury should resolve initial disputes about exhaustion in prisoner cases, and setting forth the procedures to be followed in doing so).

the record and the following, the Court adopts the Report in its entirety and grants defendants' motion for summary judgment on the issue of exhaustion.

## Facts[3]

In his amended complaint, Plaintiff alleges that defendants Pearce, Holten, Wannack, Myers, Cleland, Davis, and Chapman used excessive force against him on March 29, 2016; that defendants Mason, Moore, Holten, Pruitt, Hartman, Myers, Wannack, Webb, Huff, Davis and Chapman failed to intervene during the March 29, 2016 assault; and that defendants Myers, Cleland, Webb, Huff, Scott, Ridgeway, Barron, and Stein-Patterson failed to adequately address and treat his injuries. Plaintiff claims that he suffered harm, including a broken and displaced right index finger.

Plaintiff submitted an April 14, 2016 grievance regarding the March 29, 2016 excessive force assault incident. He claims he submitted the April 14, 2016 grievance by placing it in the slot in his cell door on or about April 15, 2016. Plaintiff contends he did not receive medical treatment for his finger or tooth. He did not receive an immediate response to the grievance. Thus, on April 18, 2016, Plaintiff submitted an Offender Request to Warden Lashbrook asking for a response. On May 10, 2016, Plaintiff's counselor responded to the grievance stating: "Issue investigated by Lt. Furlow. IDR issue – forward to Grievance Officer. Copy to I.A."

---

3 The facts set forth in this section are limited to those necessary for this Court to review the Report.

Plaintiff forwarded the grievance to the Grievance Officer after receipt but did not receive a response. On or around May 10, 2016, plaintiff placed the grievance in an envelope directed to the Administrative Review Board ("ARB"). The ARB received this grievance on August 25, 2016 and denied it as untimely.

On May 3, 2016, Plaintiff asserts he submitted an emergency grievance. This grievance contained similar complaints contained in his April 14, 2016 grievance. Specifically, Plaintiff states that he was assaulted by correctional staff on March 29, 2016, that he sustained an injury to his finger, and that he has documentation of every shift denying him medical treatment. Plaintiff maintains because he never received a response to this grievance he placed it in an envelope to the ARB on or about May 10, 2016. On August 25, 2016, the ARB received this grievance and denied it as untimely.

## Legal Standards

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to

which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is material depends on the underlying substantive law that governs the dispute. *Carroll v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012) (citation omitted).

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit"

under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). Exhaustion must occur before the suit is filed. *Ford v.* Johnson, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating." *Id*.

In *Pavey*, the Seventh Circuit instructed district courts to conduct a hearing where "exhaustion is contested" to determine whether a plaintiff has exhausted his administrative remedies. *Pavey*, 544 F.3d at 742. And in holding that hearing, a court may credit the testimony of one witness over another. *See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011)(affirming factual

findings of a magistrate judge, whose Report included factual findings that the plaintiff was not credible). In other words, and unlike other summary judgment motions, the very purpose of *Pavey* is to allow a judge to resolve swearing contests between litigants. So while courts typically undertakes *de novo* review of the portions of the Report to which a party objects, the courts will give great deference to factual findings and credibility determinations made in the Report. *Pavey II*, 663 F.3d at 904. *See also Towns v. Holton*, 346 Fed.Appx 97, 100 (7th Cir. 2009)(great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)("*De novo* determination is not the same as a *de novo* hearing. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations).

Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, *Pavey* set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent of prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without

> being bound by (or even informed of) any findings made by the district judge in determining that the prisoner exhausted his administrative remedies.

*Id*. at 742.

## Analysis

Here, plaintiff only objects to the portion of the Report as it concerns defendant Mason. Plaintiff argues since Mason was specifically named in the grievance, as the Report states, the issue for the Court is the adequacy of the details set forth in the grievances. Plaintiff contends his grievances gave Pickneyville Correction Center's administration the opportunity to respond to Plaintiff's complaints internally before he commenced the litigation. After reviewing the motion for summary judgment, the Report and the objections, the Court finds no error or deficiency in Judge Daly's credibility determinations, findings of fact and conclusions of law. In fact, Judge Daly provided a sound analysis. As to the facts, which plaintiff does not contest, Judge Daly found:

> At the hearing, Plaintiff explained that he sent his grievances to the ARB regular mail sometime in May 2016 and again via certified mail sometime in June 2016. He further indicated that his reference to Defendant Mason in his April 14, 2106 grievance was meant to indicate that Mason caused the entire incident, but that he acknowledged that he did not explicitly say that in his grievance….

(Doc. 140, p. 3). Further, Judge Daly concluded as to Mason:

> There is no dispute that there are only two grievances relevant to exhaustion of Plaintiff's claims against Defendants Barron, Stein-Patterson, Ridgeway, Mason, and Scott. Pursuant to the Illinois Administrative Code, grievances must contain factual details regarding each aspect of the inmate's complaint, including the name of each person

who is the subject of or who is otherwise involved in the complaint. ILCS § 504.810(b). It is apparent Plaintiff failed to follow this directive with respect to these grievances. Moreover, although Plaintiff makes general statements about his injuries, he fails to make any specific complaint concerning his medical care for the same, …

Further, although Defendant Mason is clearly named in Plaintiff's April 14, 2016 grievance, he merely indicates that 'Ms, Mason put me on suicide watch, because I couldn't take it anymore' (*see* Doc. 1-1 at 14). Plaintiff then goes on to describe the events related to his excessive force and failure to protect claims. It is not clear from Plaintiff's grievance that Mason was present during the events described or that Plaintiff was complaining about Mason's actions regarding the same.

…

Here, however, the prison was never adequately alerted to Plaintiff's complaints against Defendants Barron, Stein-Patterson, Ridgeway, Mason and Scott, even when considering the disciplinary reports and final summary reports that were reviewed at the institutional level. Simply put, prison officials were never put on notice that the actions of the above-mentioned Defendants were at issue or needed to be addressed prior to Plaintiff filing this lawsuit.

(Doc. 140, ps. 6-8).

The record before the Court provides no reason for the Court to doubt or find error in Judge Daly's determination. Furthermore, based on the record, it is clear to the Court that plaintiff did not exhaust his administrative remedies as to defendant Mason.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 140) and **GRANTS** defendants Barron, Stein-Patterson, Ridgeway, Mason and Scott's motion for summary judgment as to the exhaustion issue (Doc. 120). The Court **DISMISSES without prejudice** Barron, Stein-Patterson, Ridgeway, Mason and

Scott as plaintiff failed to exhaust his administrative remedies as to his claims against these defendants. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same at the conclusion of this case.

    **IT IS SO ORDERED.**

*/s/ David R. Herndon*

Judge Herndon
2018.11.08
14:13:04 -06'00'

**United States District Judge**