IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALAN DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-1366-RJD |
| | ) | |
| CHARLES G. PEARCE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER

**DALY, Magistrate Judge:**

Before the Court are the motions in limine filed by Plaintiff and Defendants (Docs. 189 and 193).   The Court has reviewed the motions and responses thereto, and sets forth its rulings as follows:

**Motions in Limine filed by Plaintiff Alan Duncan (Doc. 189)**

**1.   Motion in limine to exclude Plaintiff's arrests or criminal convictions.**

Plaintiff moves to exclude evidence relating to any of his previous arrests or criminal convictions.   Plaintiff asserts his prior convictions have nothing to do with his truthfulness as he has no convictions relating to his reliability for telling the truth.   Defendants oppose Plaintiff's motion, arguing that Plaintiff's convictions are admissible under Federal Rule of Evidence 609.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a criminal conviction (punishable by death or by imprisonment of more than one year) may be admitted for the purposes of attacking a witness's character for truthfulness.   This provision is subject to Federal Rule of Evidence 403, which states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing

Page **1** of **7**

the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

The Court agrees with Plaintiff that the probative value of his criminal convictions is substantially outweighed by the danger of unfair prejudice. Plaintiff's motion in limine is therefore **GRANTED IN PART AND DENIED IN PART**. Defendants may introduce evidence that Plaintiff has been convicted of a felony (or felonies) and is incarcerated with the Illinois Department of Corrections for an extended period of time. Defendants shall not introduce evidence identifying the specific crime(s) for which Plaintiff is incarcerated.

**2. Motion in limine to exclude medical records not relevant to the excessive force claim.**

Plaintiff asserts the only relevant medical records are those directly related to the event at issue — the alleged excessive force used by guards during the transfer of Plaintiff on March 29, 2016. Plaintiff asserts the relevant facts would also include Plaintiff's subsequent evaluation by medical personnel, the diagnosis of any injury, the recommended treatment pursuant to that diagnosis, and the details of whether such treatment ever took place. Plaintiff explains Defendants produced 241 pages of medical records covering the time period of July 8, 2014 through May 12, 2017. Plaintiff asserts that medical care and treatment before March 29, 2016 is *per se* irrelevant due to the time it occurred.

Defendants assert they should be allowed to elicit opinion testimony regarding Plaintiff's medical conditions and causation. More specifically, Defendants assert that Plaintiff argues because they did not disclose expert witnesses, they should not be allowed to present evidence to the jury in the form of expert opinion testimony regarding Plaintiff's medical condition or causation. Defendants argue expert testimony is necessary to explain the complex nature of any relationship between Plaintiff's injuries, the extent of the injuries, and the causation of any

Page **2** of **7**

long-term medical or mental health conditions alleged by Plaintiff. This motion is **TAKEN UNDER ADVISEMENT**. The Court shall issue a final ruling after it is clear what medical records Defendants seek to introduce.

3. **Motion in limine to exclude disciplinary records or incident reports with the exception of statements made by individuals relating to the March 29, 2016 incident.**

Plaintiff anticipates that Defendants may seek to offer evidence of other disciplinary issues that have occurred while Plaintiff has been in custody following the events of March 29, 2016. Plaintiff indicates that Defendants have produced documents that contain information relating to grievances, counseling, disciplinary matters, incident reports and internal response to grievances or incidents which contain statements of claimed wrongdoing by Plaintiff unrelated to the events of March 29, 2016. Plaintiff further asserts that the documents at issue also include Defendants' own "prosecution" of Plaintiff for the acts of March 29, 2016 wherein Defendants acted as prosecutor, judge, and jury.

Defendants indicate they do not intend to introduce evidence of Plaintiff's prior disciplinary record unless Plaintiff opens the door to any such evidence. As such, Defendants ask that Plaintiff's motion be denied as premature.

Plaintiff's Motion is **GRANTED**. Defendants shall be barred from introducing disciplinary records or incident reports that do not relate to the claims in this lawsuit unless Plaintiff opens the door to the same.

4. **Motion in limine to exclude evidence of all unrelated grievances filed by Plaintiff.**

Plaintiff asserts that his prior grievances are probative only of his propensity to bring complaints against the prison and, even if relevant for another purpose, such probative value is outweighed by a danger of unfair prejudice against him. Plaintiff further asserts that evidence of

other grievances would confuse the issues in this case and distract the jury.   Defendants assert

they do not seek to admit other grievances for the truth of the matter asserted, but rather, to show

timing and the "subject" of the other grievances.   More specifically, Defendants assert that the

fact Plaintiff filed grievances on other issues during the time period of his allegations in this case is

directly relevant to his credibility regarding these allegations.

This motion is **TAKEN UNDER ADVISEMENT**.   The parties should be prepared to

address this motion in limine at the Final Pretrial Conference and address what other grievances

Defendants may seek to introduce.

5. **Motion in limine to exclude Plaintiff's unrelated litigation**.

Plaintiff asserts that evidence of other ligation is irrelevant to any issue in this case and

inadmissible under Federal Rule of Evidence 402.   Defendants do not object to this motion unless

Plaintiff opens the door.   This motion is **GRANTED**.

### **Motions in Limine filed by Defendants (Doc. 193)**

1. **Motion in limine barring all testimony regarding the causation of any medical or mental health condition.**

Defendants anticipate that Plaintiff will testify that the actions of the Defendants caused

him injury and also testify as to the long-term effects of that injury.   Defendants argue that

because Plaintiff is not a physician or psychiatrist, any uninformed opinions or lay accounts

proffered by Plaintiff should be barred.   Defendants remark that they agree Plaintiff can testify to

his own experiences as a layperson, but should not be able to testify regarding any long-term

effects.

Plaintiff objects, asserting he immediately felt the effects of the injury complained of, a

broken finger, and said injury is clearly understandable to a layperson such as Plaintiff.   Plaintiff

further explains he is not seeking to offer medical opinions that require scientific, technical, or other specialized knowledge; rather, he is going to testify that his finger was broken when grabbed and twisted by a corrections officer.  Plaintiff will also offer testimony as to his personal knowledge of the effects of this fracture over the past four years, which does not require scientific, technical, or other specialized knowledge.

Defendant's motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff may testify as to his own personal experience and observations, including how his injury has affected him over the past four years, but shall be prohibited from testifying as to the causation of any specific medical diagnosis.  *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004) ("no expert testimony is needed when the symptoms exhibited by the plaintiff are not beyond a layperson's grasp").

2. **Motion in limine barring Plaintiff from offering evidence suggesting the State of Illinois may indemnify Defendants.**

Plaintiff does not object to this motion provided they do not open the door.   Defendants' motion is **GRANTED**.   Plaintiff shall be barred from suggesting that the State of Illinois will indemnify Defendants.

3. **Motion in limine barring Plaintiff from offering inadmissible hearsay statements of any medical or mental health professionals.**

Defendants assert out-of-court statements made by a medical professional to Plaintiff, not contained in admissible medical records are inadmissible hearsay.  Plaintiff asserts there are multiple reasons that the claimed hearsay statement of medical or mental health professionals are admissible.

Plaintiff first asserts that all statements in Plaintiff's medical records are not hearsay as they are qualified business records.   Defendants' motion does not attach to these records as their

request relates to out-of-court statements made by a medical professional to Plaintiff *not contained in admissible medical records*.

Plaintiff also asserts that such out-of-court statements may be offered to explain Plaintiff's actions, may constitute a "Statement Made for Medical Diagnosis or Treatment," or may be a statement by an opposing party.

This motion is **TAKEN UNDER ADVISEMENT**.   The Court shall issue a final ruling after it is clear what statements Plaintiff may seek to introduce.

4. **Motion in limine barring Plaintiff and his witnesses from testifying at trial regarding whether Defendants followed IDOC policies and procedures.**

Defendants contend that such evidence is not relevant as violation of a policy does not make it more or less likely Defendants' conduct violated Plaintiff's constitutional rights. Defendants further argue that introduction of such policies and procedures will only serve to confuse the issues.   Plaintiff asserts that contents of IDOC policies and procedures provide the jury with the "penological justification," or what the IDOC considers acceptable efforts to restore discipline, against which to judge Defendants' actions.   Plaintiff further asserts he does not purport to argue that a violation of any such policy by Defendants is *per se* an Eighth Amendment violation.

The motion is **TAKEN UNDER ADVISEMENT**.   The parties should be prepared to address this motion in limine at the Final Pretrial Conference and address what policies and procedures Plaintiff may seek to introduce.

5. **Motion in limine barring Plaintiff from offering evidence or testimony of other lawsuits involving Defendants.**

Plaintiff does not object to this motion.   Defendants' motion is **GRANTED**.

6. **Motion in limine barring Plaintiff from offering evidence or testimony of any**

**misconduct, reprimand, or grievance issued against Defendants.**

Plaintiff does not objection to this motion.   Defendants' motion is **GRANTED**.

7. **Motion in limine barring Plaintiff from offering evidence or testimony referencing any "Golden Rule" appeal.**

Plaintiff has not objected to this motion.   Defendants' motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: April 21, 2021**

s/ *Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**